# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITH KIRKSEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ORIENTAL TRADING COMPANY INC.,<br><br>　　　　Defendant. | Case No. 24-cv-268<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Keith Kirksey ("Kirksey") submits this Complaint against Defendant Oriental Trading Company, Inc. ("OTC"):

## JURISDICTION & VENUE

1. Kirksey brings this action for hostile work environment, unlawful harassment, racial discrimination, and retaliation in employment in violation of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.

2. This Court possess subject matter jurisdiction over Kirksey's claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this action involves federal questions regarding the deprivation of Kirksey's rights under federal law.

3. Kirksey further asserts claims under Nebraska state law for hostile work environment, unlawful harassment, racial discrimination, and retaliation in employment pursuant to Neb. Rev. Stat. § 48-1104 and 48-1114 and for Negligent

Inflection of Emotional Distress. This Court possesses supplemental jurisdiction over Kirksey's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue before this Court is appropriate under 28 U.S.C. § 1391(b)(1) & (2) because a substantial part of the events and omissions giving rise to these claims occurred in this Judicial District and OTC is located in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

5. On May 26, 2023, Kirksey filed a Charge of Discrimination against OTC with the Nebraska Equal Opportunity Commission ("NEOC") and Equal Employment Opportunity Commission ("EEOC").

6. On December 19, 2023, Kirksey filed an Amended Charge of Discrimination.

7. On May 17, 2024, Kirksey received a right to sue letter from the EEOC.

8. Kirkey exhausted his administrative remedies and all conditions precedent to the filing of this suit have been performed or have occurred.

## PARTIES

9. Plaintiff Keith Kirksey ("Kirksey") is an individual residing in Douglas County, Nebraska.

10. Defendant Oriental Trading Company, Inc. ("OTC") is a Delaware Corporation headquartered in and operating out of Nebraska.

## FACTUAL BACKGROUND

11.	OTC is a wholesaler of novelties and gifts.

12.	OTC claims it has one simple mission, "to make life more fun."

13.	OTC represents to its employees its alleged desire to build a positive team & family spirit and contends it fosters an environment where its "most valuable asset is [its] people."

14.	OTC purports to instill a non-discrimination policy, which states:

> OTC is proud to be an Equal Opportunity Employer. What that means is that we will provide employees and applicants with an equal opportunity for employment, training, promotion, and all other personnel actions without regard to race, color, religion, sex, pregnancy, age, national origin, disability, genetic information, or veteran status.

15.	In actuality, OTC has fostered a hostile work environment and enables its African American employees to be abused, mocked, psychologically tortured, intimidated, threatened, and discriminated against.

16.	OTC's hostile work environment has existed for more than a decade.

17.	In March 2012, OTC participated in an episode of the television show Undercover Boss. Within the episode, OTC's Chief Executive Officer at the time admitted on national television OTC's policies were inadequate, OTC was mistreating its employees (showing several specific examples), and OTC needed to

do things better in regard to the treatment of its employees and its work environment.

18. Kirksey is an African American male, who works the night shift as a floor specialist at OTC's warehouse to support his wife and stepson.

19. Kirksey began his employment with OTC on June 1, 2017.

20. During his shifts, Kirksey is usually alone with only a few other people present throughout the warehouse.

### THE JUNE 18, 2020 HATE CRIME

21. OTC took inadequate measures and safeguards to protect its employees, including Kirksey, from its hostile and toxic work environment.

22. On or around June 18, 2020, Bruce A. Quinn ("Quinn"), a former employee of OTC, racially targeted Kirksey by placing a noose on the seat of the floor machine regularly used by Kirksey to perform his job duties.

23. A photograph of the noose on the seat of Kirksey's floor machine is shown below:



24.     Kirksey was distraught, visibly shaken, and scared upon finding the noose in his isolated workspace.

25.     The physical threat had an enhanced effect on Kirksey because Kirksey's uncle was hung from a tree.

26.     Quinn's admitted intent was to intimidate and threaten Kirksey because of his race.

27. Quinn intentionally placed the noose knowing of the symbol's significance to the African American community.

28. Quinn knew Kirksey would feel threatened upon seeing the noose, and even stated, "Nazi stuff doesn't make Black people crazy. But a hangman's noose certainly would."

29. This act against Kirksey was done during the height of the 2020 George Floyd protests, when racial tensions were at an elevated level and African Americans' fears of being physically harmed or murdered on account of their race were heightened throughout the United States.

30. OTC could have ensured this event never happened by, among other things, reviewing Quinn's employment file, taking prior complaints levied against Quinn seriously and acting on them, and/or implementing appropriate measures and safeguards.

31. It was or should have been obvious to OTC that Quinn was a racist who presented a danger to African American employees, including Kirksey specifically.

32. Kirksey felt threatened and thought he was going to be harmed or killed at his place of employment on account of his race.

33. Kirksey could not return to work at OTC for several days, has not fully recovered, and still does not feel comfortable in his work environment at OTC.

34. Quinn pled guilty to committing a hate crime against Kirksey before this Court.

## THE OCTOBER 22, 2022 NOOSE EVENT

35. Despite having full knowledge that Kirksey was subjected to a previous hate crime at the OTC warehouse, OTC did nothing to protect Kirksey or prevent further instances of discrimination, intimidation, and harassment.

36. On or about October 22, 2022, an OTC employee, different from the one before, placed a clown head with a noose around its neck where Kirksey would see it.  A picture is set forth below:



37.     Kirksey was emotionally distraught, fearful for his life, and visibly shaken, but managed to immediately report the second noose incident to OTC security.

38.     OTC represented to Kirksey they would investigate and find the person responsible, which should have been a simple task considering OTC's resources, the limited number of employees who had access to the warehouse at that time, and the security cameras.

39. To date, OTC has failed to:

    a. Disclose to Kirksey the person or persons who placed the clown head with a noose tied around its neck;

    b. Discipline the person or persons who placed the clown head with a noose tied around its neck;

    c. Provide any assurance Kirksey would be able to work safely or not be subject to further discrimination, intimidation, or harassment;

    d. Secure the warehouse; or

    e. Take appropriate measures to protect Kirksey and prevent future acts of discrimination, intimidation, or harassment.

40. Instead, OTC treated Kirksey as the criminal and retaliated against him.

41. Shortly after the second event involving a noose, Kirksey was called to the security office, where OTC security conducted a baseless interrogation of Kirksey as to whether he was carrying a gun.

42. OTC security threatened to take disciplinary action against Kirksey.

43. OTC subsequently took the official position that the clown head with the noose tied around its neck was a joke commonly occurring, and acceptable, in the OTC warehouse.

44. Aside from not being true, OTC's response further proves it fosters and encourages a discriminatory and hostile work environment.

45. A noose is a well-known symbol of hate, hostility, and suffering to African Americans.

46. The display of a noose tied around a neck would not be perceived as a joke by any reasonable person, let alone an African American who was previously subjected to a hate crime involving a noose in the very same isolated warehouse where he already felt unsafe and who had a family member hung by a noose from a tree.

### THE JUNE 1, 2023 EVENT

47. On or about June 1, 2023, Kirksey was directed to sign a "Motor Vehicle Record Disclosure and Change in Driving Record" so OTC could obtain copies of Kirksey's motor vehicle reports and records.

48. There was no legitimate purpose behind the request.

49. Kirksey has never been a delivery driver, chauffeur, or bus driver for OTC.

50. Kirksey requested that OTC provide the reasons why OTC needed his motor vehicle records, how such records would relate to his job functions, and a list of other employees who were directed to execute the release, along with their race and position.

51. OTC failed to provide Kirksey with the requested information.

## THE OCTOBER 20, 2023 EVENT

52. On or about October 20, 2023, Kirksey was subjected to another act of harassment and discrimination by another employee of OTC, Jim.

53. Jim was a known close acquaintance of Quinn, the person who was found guilty of committing a hate crime against Kirksey at OTC.

54. Jim stalked, stared down, intimidated, and then screamed at Kirksey.

55. Jim had an ongoing pattern of attempting to intimidate and harass Kirksey.

56. Jim was not Kirksey's supervisor, did not work in the same department, and had no reason to be in the same area as Kirksey or to be talking to Kirksey.

57. Despite being on notice of the intimidation and harassment directed at Kirksey and having knowledge of Jim's relationship to Quinn, OTC did nothing to protect Kirksey from Jim.

58. There were two witnesses to the October 20, 2023 events, who informed OTC that Kirksey did nothing wrong and handled the harassment and intimidation in a professional manner.

## LIFE AFTER THESE HATE CRIMES

59. Due to the harassment, intimidation, threats, and discrimination, Kirksey suffered from, and continues to suffer from, among other things, PTSD, emotional distress, fear, panic, depression, generalized anxiety disorder, and stress.

60. Kirksey further continues to feel unsafe and that he could be subjected to further threats, intimidation, attacks, physical violence, and/or death at his workplace.

61. To maintain his income and support his family, Kirksey is forced to continue his employment with OTC and re-live his worst fears each workday.

## CLAIMS

## COUNT ONE:
## RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

62. The foregoing paragraphs are incorporated as if fully stated herein.

63. OTC employs over fifteen persons, thereby meeting the definition of "employer" pursuant to 42 U.S.C. § 2000e(b).

64. Kirksey is an African American, who belongs to a protected class.

65. Kirksey began working for OTC in 2017 and has shown he is qualified to perform his tasks of employment at OTC.

66. OTC discriminated against Kirksey on the basis of race by subjecting him to harassment, hate crimes, intimidation, psychological torture, and threats, failing to implement reasonable measures to protect Kirksey, failing to provide a

safe work environment free of harassment, intimidation, and discrimination, and by treating Kirksey differently than non-African American employees.

67. OTC's discrimination against Kirksey on the basis of race adversely affected the terms, conditions, and privileges of Kirksey's employment.

68. OTC failed or refused to take appropriate action to remedy the effects of the discriminatory treatment of Kirksey.

69. OTC intentionally and willfully engaged in racially discriminatory employment practices with malice or with reckless indifference to Kirksey's protected rights.

70. As a result of OTC's acts and/or omissions, Kirksey suffered damages.

**COUNT TWO:**
**RETALIATION IN VIOLATION OF TITLE VII**

71. The foregoing paragraphs are incorporated as if fully stated herein.

72. Kirksey has engaged in protected activity, including complaining of racial discrimination and a hostile work environment, reporting the hate crimes against him committed at OTC to the police and authorities, and filing a complaint with the NEOC and EEOC.

73. In response to Kirksey engaging in protected activity, OTC engaged in further discrimination, intimidation, and threats against Kirksey and/or permitted further discrimination, intimidation, and threats upon Kirksey, adjusted Kirksey's

hours, interrogated him, made baseless allegations against him, including that he was carrying a weapon, threatened Kirksey with disciplinary action without basis, and attempted to force Kirksey to allow OTC access to his personal information and motor vehicle records.

74. There is a clear causal connection between Kirksey's protected activity and the adverse employment actions against him.

75. As a result of OTC's acts and/or omissions, Kirksey suffered damages.

## COUNT THREE:
## RACIAL DISCRIMINATION IN VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT

76. The foregoing paragraphs are incorporated as if fully stated herein.

77. OTC employs over fifteen persons, thereby meeting the definition of "employer" pursuant to Neb. Rev. Stat. § 48-1102(2).

78. OTC discriminated against Kirksey on the basis of race by subjecting him to harassment, hate crimes, intimidation, psychological torture, and threats, failing to implement reasonable measures to protect Kirksey, failing to provide a safe work environment free of harassment, intimidation, and discrimination, and by treating Kirksey differently than non-African American employees.

79. OTC's discrimination against Kirksey on the basis of race adversely affected the terms, conditions, and privileges of Kirksey's employment.

80. OTC failed or refused to take appropriate action to remedy the effects of the discriminatory treatment of Kirksey.

81. As a result of OTC's acts and/or omissions, Kirksey suffered damages.

## COUNT FOUR:
## RETALIATION IN VIOLATION OF THE
## NEBRASKA FAIR EMPLOYMENT PRACTICES ACT

82. The foregoing paragraphs are incorporated as if fully stated herein.

83. Kirksey has engaged in protected activity, including complaining of racial discrimination and a hostile work environment, reporting the hate crimes against him committed at OTC to the police and authorities, and filing a complaint with the NEOC and EEOC.

84. In response to Kirksey engaging in protected activity, OTC retaliated against him by engaging in further discrimination, intimidation, and threats against Kirksey and/or allowed further discrimination, intimidation, and threats upon Kirksey, adjusted Kirksey's hours, interrogated him, made baseless allegations against him, including that he was carrying a weapon, threatened Kirksey with disciplinary action without basis, and attempted to force Kirksey to allow OTC access to his personal information and motor vehicle records.

85. There is a clear causal connection between Kirksey's engagement in protected activity and the adverse employment actions against him.

86. As a result of OTC's acts and/or omissions, Kirksey suffered damages.

## COUNT FIVE:
## HARASSMENT/HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII

87. The foregoing paragraphs are incorporated as if fully stated herein.

88. OTC created, allowed, and/or fostered a discriminatory, hostile, and harassing environment.

89. Kirksey was subjected to unwelcomed racist, offensive, and threatening conduct from his co-workers and supervisors.

90. OTC knew or should have known about the discrimination, harassment, and hostile environment.

91. OTC failed to adequately investigate and prevent the discrimination and harassment.

92. OTC failed to provide a non-hostile work environment for Kirksey.

93. OTC encouraged the harassment, discrimination, and hostile environment, including by allowing and supporting the placement of a clown head with a noose tied around its neck and protected the identity and employment of the perpetrator of these discriminatory acts.

94. OTC ignored Kirksey's complaints and, upon information and belief, complaints made by others.

95. The racist, offensive, and threatening conduct to which Kirksey was subjected was based upon Kirksey's race, a fact known by OTC.

96. The hostile and harassing environment affected a term, condition, or privilege of Kirksey's employment.

97. As a result of OTC's acts and/or omissions, Kirksey suffered damages.

## COUNT SIX:
## HARASSMENT/HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT

98. The foregoing paragraphs are incorporated as if fully stated herein.

99. OTC created, allowed, and/or fostered a discriminatory, hostile, and harassing environment.

100. Kirksey was subjected to unwelcomed racist, offensive, and threatening conduct from his co-workers and supervisors.

101. OTC knew or should have known about the discrimination, harassment, and hostile environment.

102. OTC failed to adequately investigate and prevent the discrimination and harassment.

103. OTC failed to provide a non-hostile environment for Kirksey to work.

104. OTC encouraged the harassment, discrimination, and hostile environment, including by allowing and supporting the placement of a clown head

with a noose tied around its neck and protected the identity and employment of the perpetrator of these discriminatory acts.

105. OTC ignored Kirksey's complaints and, upon information and belief, complaints made by others.

106. The racist, offensive, and threatening conduct to which Kirksey was subjected was based upon Kirksey's race, a fact known by OTC.

107. The hostile and harassing environment affected a term, condition, or privilege of Kirksey's employment.

108. As a result of OTC's acts and/or omissions, Kirksey suffered damages.

## COUNT SEVEN:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

109. The foregoing paragraphs are incorporated as if fully stated herein.

110. OTC owed a duty to protect Kirksey from injury and to provide a non-discriminatory and non-hostile work environment.

111. OTC breached its duty to Kirksey by failing to provide a non-hostile work environment and implement procedures and safeguards to protect its employees, including Kirksey, from discrimination, threats, and intimidation.

112. OTC breached its duty to Kirksey by encouraging the placement of a severed clown head with a noose around its neck, failing to take remedial action after the fact, and considering the racist symbolism to be a joke, especially after

Kirksey was subjected to a direct hate crime involving a different noose and had an uncle hung by a tree with a noose.

113. As a direct and proximate result of OTC's breach of duty, Kirksey has suffered severe emotional distress and other injuries that have been medically diagnosed.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests: (1) a judgment in his favor against Defendant for all of past, present, and future special and consequential damages, including under 42 U.S.C. § 1981(a) & (b); (2) punitive and statutory damages; (3) costs and attorney fees as permitted by law, including under 42 U.S.C. § 2000e-5(k); and (4) any other relief as the Court deems just and equitable.

Respectfully Submitted,

KEITH KIRKSEY, Plaintiff

By: /s/ *Jason M. Bruno*
Jason M. Bruno, NE #23062
Sherrets Bruno & Vogt LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114
(402) 390-1112 - Telephone
law@sherrets.com jbruno@sherrets.com
ATTORNEY FOR PLAINTIFF