IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITH KIRKSEY,<br><br>              Plaintiff,<br><br>vs.<br><br>ORIENTAL TRADING COMPANY INC.,<br><br>              Defendant. | 8:24CV268<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Compel Request for Production and Disclosure of Response to Third-Party Subpoena. Filing No. 46. Plaintiff moves the Court to compel Defendant to provide a full and complete response to his Request for Production No. 15 and, further, compel Defendant to produce the response to a subpoena served upon Dr. Jerry Authier on or about February 18, 2025. For the reasons below, the motion will be granted in part and denied in part.

## BACKGROUND

On July 2, 2024, Plaintiff filed a Complaint against Defendant alleging claims of discrimination, retaliation, and harassment/hostile work environment pursuant to Title VII as well as the Nebraska Fair Employment Practices Act ("NFEPA"). Filing No. 1. Plaintiff also alleged a claim for negligent infliction of emotional distress. *Id*.

On May 29, 2025, the Court held a discovery dispute conference to address numerous discovery issues raised by the parties. At that time, the Court set a deadline of June 20, 2025 to file any discovery motions relating to the discovery requests discussed during the conference. Filing No. 40.

At issue in the present motion is Plaintiff's Request No. 15, which, as originally served, reads as follows:

1

> Request No. 15: Please produce any and all documents, correspondence, and electronically stored information pertaining to employee surveys, feedback, or questionnaires that address employment practices and policies, discrimination, work environment, compensation, morale, management conduct and/or employee interest or preference in advancement or transfer.

Filing No. 47-1 at 14. After the May 29, 2025 conference Plaintiff revised Request No. 15 to read as follows:

> Request No. 15: Please produce any and all documents, correspondence, and electronically stored information pertaining to employee surveys, feedback, or questionnaires that address racial discrimination, harassment, a hostile work environment, and/or retaliation at the facility where Kirksey works since January 1, 2020.

Filing No. 47-1 at 21. According to Plaintiff, the revised Request No. 15 was served on Defendant's counsel via email on June 18, 2025. Filing No. 47-1 at 1.

Also at issue in the present motion is a subpoena Defendant served on Dr. Jerry Authier, Plaintiff's expert. Plaintiff now seeks the documents and information Defendant received in response to this subpoena. Filing No. 47-1 at 29. In their response, Defendant indicates they provided the documents to Plaintiff. Filing No. 52 at 3.

## ANALYSIS

Federal Rule of Civil Procedure 26 sets forth the scope of discovery, which is as follows

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information

within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Courts are to examine each case individually to determine the weight and importance of the proportionality factors.

A party requesting discovery must show how the requested information is important to the issues and resolution of the case. The party requesting discovery must present a threshold showing of relevance before parties are required to "open wide the doors of discovery" and "produce a variety of information which does not reasonably bear upon the issues in the case." *Hartman v. Sunbelt Rentals, Inc.*, 2022 WL 17253529, at *4 (D. Neb. Nov. 28, 2022) (quoting *Hartman Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). If they do so, the burden shifts to the party resisting discovery to prove their objections are valid "by providing specific explanations or factual support as to how each discovery request is improper." *Whittington v. Legent Clearing, LLC*, 2011 WL 6122566, * 3 (D. Neb. Dec. 8, 2011).

Discovery requests are considered relevant if there is any possibility the information sought is relevant to any issue in the case. But mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. *See Sunbelt Rentals, Inc.,* 2022 WL 17253529, at *4 (citing *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)). "While the standard of relevance in the context of discovery is broader than in the context of admissibility, . . . this often intoned legal tenant should not be misapplied so as to allow fishing expeditions in discovery." *Sunbelt Rentals, Inc.,* 2022 WL 17253529, at *4 (quoting *Hofer*, 981 F.2d at 380).

**I.    Request No. 15**

As originally drafted, and as indicated to the parties during the discovery dispute conference, Request No. 15 is clearly outside the scope of Rule 26(b).

3

Among other things, it did not limit the request to any time period. It is facially overbroad and Plaintiff did not fulfill its threshold burden of showing the relevance of this large swath of documents.

Defendant argues the "revised" Request No. 15 is also overly broad and unduly burdensome and, thus, outside the scope of Rule 26. Request No. 15, as revised, states:

> Please produce any and all documents, correspondence, and electronically stored information pertaining to employee surveys, feedback, or questionnaires that address racial discrimination, harassment, a hostile work environment, and/or retaliation at the facility where Kirksey works since January 1, 2020.

Filing No. 46 at 2. Plaintiff has provided the Court with little argument as to how the requested information is important to the issues and resolution of the case. However, he does provide that Request No. 15 was "designed to show that Defendant had a hostile work environment, that it is aware of discrimination, retaliation, and harassment in the workplace, and has not taken significant measures to redress the same." Filing No. 46 at 2.

Defendant takes issue with the "revised" Request No. 15, indicating it is overly broad because it does not limit the scope of the discovery to employees who reported to the same supervisor as Plaintiff, i.e. comparator information. Defendant agreed, in their opposition brief, that if Plaintiff limited the "revised" Request No. 15 to only employees who reported to the same supervisor as Plaintiff, they would respond.[1]

---

[1] Defendant's brief also suggests that the Court implied this was the appropriate way to narrow this request during the telephone conference. Upon review of the audio recording, while multiple discovery requests were discussed at the same time, the Court did not adopt Defendant's position that Request No. 15 should be tailored to Plaintiff's supervisor. *See* Filing No. 39 at 1:17:30.

4

Defendant's argument misses the mark. When considering the elements of Plaintiff's claims, Plaintiff's revised request clearly relates to his claim for hostile work environment. To establish a case for hostile work environment under Title VII, a plaintiff must show:

> (1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take proper action.

Clobes v. 3M Co., 106 F.4th 803, 807 (8th Cir. 2024). As Plaintiff states, this request, which is now limited on subject, time, and place, could lead to the discovery of admissible information relating to whether Defendant knew or should have known of any alleged harassment and failed to take proper action. The Court could contemplate a multitude of scenarios wherein information obtained in Request No. 15 would be relevant. For instance, the request may reveal that other employees complained of Bruce Quinn's behavior, suggesting that Defendant knew or should have known of the harassment or that adequate remedial measures were not taken. Similarly, Plaintiff alleges Defendant "took the official position that the clown head with the noose tied around its neck was a joke commonly occurring, and acceptable, in the OTC warehouse." Filing No. 1 at 10. Request No. 15 could result in evidence of other employees complaining about the clown situation providing facts that could support Plaintiff's position that Defendants knew or should have known of ongoing harassment. These matters do not turn on whether or not the reporting employee reported to Plaintiff's supervisor, as Defendant suggests is appropriate. Finally, Plaintiff alleges Defendant's work environment was hostile to African American employees for over a decade. Filing No. 1 at 3. *See* Ellis v. Houston, 742 F.3d 307, 319-21 (8th Cir. 2014) (discussing how evidence of a hostile work environment should be examined as a whole – even acts not directly experienced by a particular plaintiff).

For the reasons discussed herein, the revised request is relevant and properly limited in scope. Moreover, Defendant has not fulfilled its burden of proving its overbreadth objection is valid. Therefore, the motion to compel this request will be granted.

### II. Documents Subpoenaed by Dr. Authier

Plaintiff moves the Court to order Defendant turn over documents Defendant received in response to a subpoena served on Plaintiff's expert, Dr. Authier. Since the filing of this motion, counsel for Defendant attested that Defendant voluntarily produced the documents to Plaintiff. Filing No. 53-1 at 2. As such, this issue is denied as moot.

Finally, the parties request attorney's fees in connection with the motion. Rule 37(a)(5)(B) indicates the court "must not order this payment [of attorney's fees] if the motion was substantially justified or other circumstances make an award of expenses unjust." Given the narrowed issues provided and the circumstances presented, the Court does not find the situation before it to be that which would warrant the award of attorney's fees.

Accordingly, for the reasons set forth herein, Plaintiff's Motion to Compel, Filing No. 46, is granted in part and denied in part.

IT IS SO ORDERED.

Dated this 4th day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge